IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| IN RE: SUBPOENA | Case No. 2:17cm3103-TFM |
|---|---|
| (rose.pimpin69@gmail.com) | Filed Under Seal |

## APPLICATION FOR ORDER COMMANDING GOOGLE
## NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order Google not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena until further order of the Court.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. The investigation is for federal crimes involving human trafficking under 18 U.S.C. § 1591. Law enforcement is seeking information regarding a target's email address to gather evidence of human trafficking. The victims of the target's crimes report the target is violent and they are fearful of target. Law enforcement has received information that target has attempted to

persuade the victims to not prosecute. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.*, when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached subpoena, except that Google may disclose the attached subpoena to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on 2-9-17.

_____
Hollie Worley
Assistant United States Attorney
Office of the United States Attorney
131 Clayton Street
Montgomery, Alabama

# ATTACHMENT

# UNITED STATES DISTRICT COURT
for the

Middle District of Alabama

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Google, Attn: Custodian of Records, 1600 Amphitheatre Parkway, Mountain View, CA 94043

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. Courthouse<br>One Church Street<br>Montgomery, Alabama | Date and Time:<br><br>01/10/2017 10:00 am |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see Attachment.

Date:  12/20/2016

DEBRA P. HACKETT
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:
Hollie Worley
131 Clayton Street
Montgomery, AL 36104
Phone: 334-223-7280    (16-0182)

# ATTACHMENT

**Google**
**Attn: Custodian of Records**
**1600 Amphitheatre Parkway**
**Mountain View, CA 94043**

The following records and information associated with the e-mail account, **rose.pimpin69@gmail.com** from June 1, 2015 to June 7, 2016:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**You are to provide this information, if available, as data files on CD-ROM or other electronic media to HSI SA David "Chip" Chamberlin, 131 Clayton St, Montgomery, Alabama 36104. You may also email the records to SA Chamberlin at David.M.Chamberlin@ice.dhs.gov. If you need assistance, please call SA Chamberlin at 334-538-9841 or Assistant United States Attorney Hollie Worley at 334-551-1797.**